**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

YERO TAKUMA,                       :
                                   :  Civil Action No. 07-3577 (JAP)
            Plaintiff,             :
                                   :
        v.                         :  **OPINION**
                                   :
MICHELLE R. RICCI, et al.,         :
                                   :
            Defendants.            :

**APPEARANCES:**

    YERO TAKUMA, Plaintiff pro se
    # 79499/SBI #149371C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**PISANO,** District Judge

Plaintiff Yero Takuma ("Takuma"), currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

Takuma brings this civil rights action against the following defendants: Michelle R. Ricci, Associate Administrator at New Jersey State Prison ("NJSP"); Alford Kandell, Assistant Superintendent at NJSP; Donald Mee, Jr., Assistant Superintendent at NJSP; Captain Gooding at NJSP; and George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC").  The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Takuma is a state prisoner currently confined at NJSP, and assigned to the Management Control Unit ("MCU").  Takuma asserts that inmates serving administrative segregation terms in the MCU must be given a maximum of five hours of outdoor recreation time per week, pursuant to New Jersey prison regulations.  See N.J.S.A. 10A:4-10.16; 10A:5-2.21(a) and 10A:5-3.13.  At a minimum, MCU inmates must receive two hours of recreation time per week.  Id.  Takuma alleges that for the past six months, he

has received only two hours of recreation time per month, in violation of state law and his constitutional right against cruel and unusual punishment under the Eighth Amendment. He does not allege any tangible physical harm or injuries from the loss of outdoor recreation time during this period.

Takuma further asserts that he has filed administrative grievances to no avail. On May 29, 2007, the assistant superintendent at NJSP, Donald Mee, Jr., wrote a reply to plaintiff, stating that "adjustments to the recreation are being made to better accommodate all close custody recreation. However, this is a process that has not yet been completed." Takuma notes that other inmates serving administrative segregation terms in other units at NJSP do receive their full recreation time per week.

Takuma seeks compensatory and punitive damages from defendants in the amount of $100,000.00, and $25.00 per day for every day he goes without recreation. He also asks the Court to issue injunctive relief directing defendants to provide plaintiff with recreational time and to bar defendants from any retaliatory actions for bringing this Complaint.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

4

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It would appear that all of the named defendants are state actors because they are employed as correctional officials at the NJSP and the NJDOC.  Therefore, it appearing that all defendants may be persons acting under color of state law in this instance, the Court will review the claims asserted in the Complaint to determine whether plaintiff has sufficiently alleged a cognizable claim(s) upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2) and 1915A.

6

IV.   ANALYSIS

Plaintiff's claim against the defendants may be construed as an Eighth Amendment denial of recreation claim.  The denial of exercise or recreation can result in a constitutional violation. "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'"  Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988)(*quoting* Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir. 1976); Loe v. Wilkinson, 604 F. Supp. 130, 135 (M.D.Pa. 1984).  However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened."  Spain, 600 F.2d at 199.  Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.  In order to demonstrate a deprivation of a constitutional right to recreation, Takuma must still satisfy the Eighth Amendment standard and show deliberate indifference on the

part of prison officials.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, Takuma alleges that his outdoor recreation has been restricted to two hours per month for the last six months. However, he does not allege any tangible physical harm of any kind as a result of this limited outdoor recreation.  Further, the defendants have indicated to Takuma that they are aware of the limited time for recreation for those inmates in the MCU and they are trying to remedy that problem without disruption to the security of the MCU and the general prison population.  Takuma has not demonstrated deliberate indifference by the defendants. Therefore, this Court finds that the Complaint fails to state a cognizable claim of a constitutional deprivation, and the Complaint will be dismissed without prejudice accordingly.[1]

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim of constitutional magnitude.  An appropriate order follows.


　　　　　　　　　　　　　　　　　/s/ JOEL A. PISANO
　　　　　　　　　　　　　　　　　JOEL A. PISANO
　　　　　　　　　　　　　　　　　United States District Judge

Dated: September 10, 2007

---

[1] To the extent that Takuma incurs any tangible physical harm from continuing loss of recreational time, he may bring a new action alleging such facts to support a claim of constitutional deprivation.

8