NOT FOR PUBLICATION                                                        CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YERO TAKUMA, | |
| Plaintiff, | Civil No. 07-3577 (JAP) |
| v. | |
| MICHELLE RICCI, et al., | OPINION |
| Defendants. | |

PISANO, District Judge

Before the Court is Defendants Michelle Ricci, George Hayman, Alford Kandell, Donald Mee, Jr., and Captain Gooding's (collectively, "Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment pursuant to Federal Rule 56. The Court has decided this motion based on the submissions of the parties and without oral argument, pursuant to Federal Rule of Civil Procedure 78. Because this Court finds that the undisputed facts in this case fail to establish a constitutional violation, the Defendants' motion is granted.[1]

**I. Background**

Plaintiff, an inmate in the Management Control Unit ("MCU") at New Jersey State Prison ("NJSP"), brings this action, *pro se*, for money damages and declaratory relief, under 42 U.S.C. § 1983, alleging he was receiving only two hours of recreation per month for exercise and fresh air, in violation of New Jersey Administrative Code § 10A:5-2.21, and constituting deliberate indifference and cruel and unusual punishment under the Eighth Amendment.

---

[1] The court need not reach the issue of qualified immunity because summary judgment is proper on the underlying Eighth Amendment claim.

The MCU is a "close custody" unit within NJSP that houses inmates determined to pose "a substantial threat to the safety of others; of damage to or destruction of property; or of interrupting the operation of a State correctional facility." (Ricci Decl. ¶¶ 4-5.) Further, inmates who have been deemed a safety threat to other inmates may be placed in non-congregate status, and are prohibited from having any direct contact with other inmates, including at meals, in showers, or during recreation time. (Ricci Decl. ¶¶ 7-9.) As of February 21, 2008, there were ninety-four NJSP inmates on non-congregate status. (Ricci Decl. ¶ 23.)

Although non-congregate inmates are housed together (in the "B Block" of the North Compound Close Custody Unit) and separated from the general NJSP population, they share use of the two recreation yards adjacent to the "B Block" with congregate inmates. (Ricci Decl. ¶ 24-27.) Although under N.J. Administrative Code § 10A:5-2.21, MCU inmates are permitted a minimum of two hours of exercise per week, as of September 2007, one month after Plaintiff filed his Complaint, the MCU non-congregate inmates were receiving less recreation time than the required statutory minimum.[2]

Following an administrative hearing, Plaintiff was assigned to the MCU in 2006 due to his "extensive record of institutional charges," which included four infractions for assault. (Ricci Decl. ¶¶ 11-16.) Plaintiff was sanctioned to four years of administrative segregation as a result of the assault infractions, and was also placed on non-congregate status. (Ricci Decl. ¶¶ 10, 16.)

Plaintiff alleges that Defendants have allowed him only "two (2) hours of recreation

---

[2] Precisely how much recreation time the non-congregate inmates received is disputed, though neither party disputes that the non-congregate inmates were receiving less than the two hours per week suggested by the statute. (Defendants' claim is that as of September 2007, the non-congregate inmates were receiving approximately three hours of recreation time per month, (Ricci Decl. ¶ 26), while Plaintiff contends he received only two hours per month of recreation (Compl. ¶ D.5.).)

period a month for exercise and fresh air," and that as a result of this denial, Plaintiff's "body has been allowed to 'atrophy'" and his "arms and stomach has [*sic*] become flabby, he has gained a considerable amount of weight, which has caused him back pains." (Compl. ¶ D.5, Am. to Compl. 4.) Plaintiff avers that he lodged a grievance with prison officials on May 13, 2007, complaining of the inadequate recreation time, and that Defendant Mee responded that although "[a]djustments to the recreation [were] being made to better accommodate all close custody recreation," the process was ongoing. (Compl. ¶¶ 6-8.)

This Court dismissed Plaintiff's Complaint without prejudice for failing to allege a tangible injury on September 10, 2007. Plaintiff filed a motion on September 27, 2007, which this Court construed as an amendment to his Complaint. Defendants filed the instant motion to dismiss and for summary judgment on February 21, 2008. Plaintiff has not filed any opposition to the motion, so the Court has consulted Plaintiff's Complaint and Amendment to Complaint and credited the undisputed factual allegations therein as true.

## II.  Analysis

A.  Summary Judgment Standard[3]

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*,

---

[3] Defendants have moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Rule 56(c). The Court will address Defendants' motion as one for summary judgment under Rule 56. Defendants' basis for dismissal on this motion is not apparent from the face of the Complaint but, rather, relies on documents outside the pleadings.

477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, the non-moving party cannot rely on bare assertions or conclusory allegations in its pleadings to support its affirmative claims. *See, e.g., Morales v. Busbee*, 972 F. Supp. 254, 259 (D.N.J. 1997). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

C.  Plaintiff's Eighth Amendment Claim

Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide him with more than two hours of recreation per month. Accordingly, he brings claims against Defendants under 42 U.S.C. § 1983 for the alleged constitutional violations. Based on the submissions of the parties,[4] this Court finds that there is no issue of material fact necessitating trial and Defendants are entitled to summary judgment as a matter of law.

The treatment of prisoners and the conditions of confinement within prisons are subject to scrutiny under the Eighth Amendment, which guarantees an individual's right to be free from "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Though prison

---

[4] Because Plaintiff failed to oppose Defendants' motion or offer any evidentiary support to oppose summary judgment, this Court has credited the undisputed facts offered by the Defendants in their submission as accurate.

conditions are not constitutionally required to be "comfortable", the Eighth Amendment prohibits prison officials from imposing inhumane conditions on prisoners. *Id.* at 832-33. Therefore, to properly allege an Eighth Amendment violation based on prison conditions, the prisoner must make two showings: (1) the alleged injury suffered by the prisoner is "a sufficiently serious objective" deprivation of a specific, basic human need; and (2) the prison official acted with deliberate indifference, or subjectively knew of substantial risk of harm and failed to act. *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). The first requirement examines whether the prisoner suffered an objectively grave "deprivation[] denying the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotations omitted). In contrast, the second requirement examines whether the prison officials acted with subjective deliberate indifference, so as to constitute "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. *Id.* at 299, 300 (noting that, "It is *obduracy and wantonness, not inadvertence or error in good faith,* that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]") (internal quotations omitted; emphasis in original).

      As to the first requirement, even viewing the facts in the light most favorable to Plaintiff, a reasonable jury could not conclude that the reduction of Plaintiff's recreation time rises to the level of objectively extreme deprivation of "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298. As the Supreme Court has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although Plaintiff has not been afforded the two hours per week of recreation as directed by the statute, he has received *some* recreation and has not demonstrated an objectively serious deprivation as

contemplated by the Eighth Amendment, nor has the deprivation resulted in any substantial injury.  *See Bacon v. Minner*, 229 Fed. Appx. 96, 99 (3d Cir. 2007) (holding that an Eighth Amendment claim could not stand where the prisoner "merely alleged a change, and subsequent reduction, in the recreation schedule . . . rather than a complete elimination of exercise for inmates"); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (holding that a thirteen-day denial of recreation was not constitutionally infirm).

      Even if Plaintiff were able to satisfy the first requirement, the conduct and intent of the prison officials cannot be characterized as deliberate indifference as a matter of law.  The Supreme Court has cautioned that, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.  Because there were only two recreation yards available to non-congregate inmates at NJSP, each of whom requires individual and separate recreation time, and those two yards had to be shared with other NJSP congregate inmates, Defendants pursued a legitimate penological goal by temporarily reducing the recreation time for non-congregate inmates to ensure that all inmates, congregate and non-congregate alike, receive as much recreation time as the physical limitations on the prison allow.  *See Wilson v. Shannon*, 982 F. Supp. 2d 337, 341 (E.D. Pa. 1997) (in granting summary judgment against plaintiff prisoner's Eighth Amendment claim based on a denial of exercise, holding there was no deliberate indifference where "[plaintiff] was denied exercise for only a brief period of time, and that denial of exercise was in response to disciplinary problems created by the plaintiff"); *Platt v. Brockenborough*, 476 F. Supp. 2d 467, 472 (E.D. Pa. 2007) ("the near-total deprivation of the opportunity to exercise may violate the Eighth Amendment *unless the restriction relates to a legitimate penological purpose*") (emphasis added).  Plaintiff has offered

no facts suggesting that Defendants' conduct in reducing the amount of recreation time afforded to MCU inmates was "unnecessary" or "wanton," or that Defendants "disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  By Plaintiff's own admission, he filed a single grievance with prison officials and received a response from Defendant Mee that prison officials were in the process of adjusting the recreation schedule with the close custody inmates in mind, to better accommodate all NJSP inmates.  (Compl. ¶ D.9.)  Clearly, Defendants did not disregard Plaintiff's complaint and in fact were able to receive adequate funding from the New Jersey Department of Corrections to re-arrange the physical structure of the recreation yards and permit recreation time for MCU inmates *in excess of* the statutory minimum.  (Ricci Decl.¶ 36-39.)

### III.  Conclusion

For the reasons above, the Court grants Defendants' Motion to Dismiss and for Summary Judgment.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: September 16, 2008